UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MAX SPECIALTY INSURANCE COMPANY,

      Plaintiff,      NOT FOR PUBLICATION
               **MEMORANDUM & ORDER**
 -against-          09-CV-05237 (CBA) (JMA)

WSG INVESTORS, LLC, MAND
RESTORATION CORP., 530 CANAL STREET
REALTY CORP., and ANDREZEJ STEPIEN,

      Defendants.

-----------------------------------------------------------------x
**AMON, Chief United States District Judge.**

On April 20, 2012, Magistrate Judge Joan Azrack issued a Report and Recommendation ("R&R") recommending that the Court (1) grant Plaintiff Max Specialty Insurance Company's ("Max Specialty") motion for summary judgment; and (2) deny Defendant Mand Restoration Corp.'s ("Mand Restoration") cross-motion for summary judgment. Mand Restoration filed objections to the R&R on May 15, 2012. Having reviewed de novo those parts of the R&R to which Mand Restoration has objected, this Court now adopts the R&R as the Decision and Order of this Court.

## DISCUSSION

### I. Standard of Review

On a dispositive motion, the Court reviews de novo the portions of an R&R to which a party has objected and reviews those portions not objected to for clear error. Larocco v. Jackson, 2010 WL 5068006, at *2 (E.D.N.Y. 2010). A District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1

## II. Background

Max Specialty brought this action against Mand Restoration, WSG Investors, LLC ("WSG"), Andrezej Stepien ("Stepien"), and 530 Canal Street Realty Corporation ("530 Canal") (collectively, "defendants"), seeking a declaratory judgment that it has no obligation to defend or indemnify the defendants in a lawsuit currently pending in New York State Supreme Court, Kings County, under the caption <u>Andrezej Stepien v. 530 Canal St. Realty Corp. et al.</u>, Index No. 28668/08 (Sup. Ct. King's Cty) (the "Stepien action").

The Stepien action involves an accident that took place at a construction site at 530 Canal Street in New York City. Stepien, an employee of subcontractor WSG, fell off a ladder while doing exterior work on a scaffold. WSG had an insurance policy with Max Specialty that was effective on the date of the accident. (Zimring Decl. Ex. I.) Stepien brought suit against 530 Canal and Mand Restoration, the general contractor at the site, to recover for his injuries. Mand Restoration impleaded WSG as a third-party defendant. Thereafter, Mand Restoration's insurance carrier sent a letter to Max Specialty, asking that Max Specialty tender their $1 million policy for defense and indemnification of WSG as a primary insured, and Mand Restoration as an additional insured.

WSG's insurance policy with Max Specialty lists the monetary limits of the policy and the classes of coverage in a document titled "Commercial General Liability Coverage Part Declarations." (<u>Id.</u>) The policy contains a "Limitation to Designated Class Endorsement," which states:

> This insurance applies only to "bodily injury," "property damage," "personal injury," "advertising injury," and "medical expenses" arising out of only those operations designated, listed and described in the declarations page.

(Id.) The declarations page in turn lists two classes of coverage: "Carpentry—Interior" and "Dry Wall or Wallboard Installation." (Id.) The policy also contains several other provisions, including certain "Endorsements" and "Exclusions." (Id.)

Max Specialty argues that its insurance policy with WSG covers only "interior carpentry" and "drywall or wallboard installation" and that WSG's work on the exterior of 530 Canal's building does not fall within either of those categories. Based on this reading of the policy, Max Specialty moves for summary judgment, seeking a declaratory judgment that it has no obligation under the insurance policy to indemnify or defend any party in the Stepien action. It further argues that it is entitled to recoup costs already expended defending WSG in that action.

Mand Restoration does not dispute that Stepien's work on the day of the incident did not fall within the classes of "interior carpentry" or "drywall or wallboard installation." Mand Restoration argues, however, that Max Specialty was required under New York law to issue a timely disclaimer of coverage if it intended to deny coverage based on a policy exclusion. Mand Restoration argues that because Max Specialty did not timely disclaim coverage, it is statutorily barred from denying coverage based on the fact that Stepien's work was not "interior carpentry" or "drywall or wallboard installation." Mand Restoration cross-moves for summary judgment, seeking a declaratory judgment that Max Specialty is required to defend and/or indemnify parties in the Stepien action pursuant to Max Specialty's obligations under the insurance policy.

### III. Magistrate Judge Azrack's Report and Recommendation

This case turns on the difference between the denial of coverage based on a policy "exclusion" and the denial of coverage "by reason of lack of inclusion." See Zappone v. Home Ins. Co., 55 N.Y.2d 131, 134 (1982). New York Insurance Law § 3420(d)(2) requires an insurer to provide written notice disclaiming liability when it intends to "deny coverage" under an

insurance policy issued in New York. The New York Court of Appeals has interpreted the phrase "deny coverage" to mean the "denial of liability predicated upon an exclusion set forth in a policy which, without the exclusion, would provide coverage for the liability in question." Id. An insurance company that fails to disclaim liability in a timely fashion waives the right to deny coverage based on an exclusion. Hartford Ins. Co. v. County of Nassau, 76 N.Y.2d 1028, 1029 (1979).

An insurance company is not required to provide written notice disclaiming coverage, however, when "the policy as written could not have covered the liability in question under any circumstances." Zappone, 55 N.Y.2d at 134. In other words, where there is a lack of coverage by reason of a "lack of inclusion," there is no insurance to cover the liability in question, and accordingly there is no obligation to disclaim liability. Id. at 139. The New York Court of Appeals concluded in Zappone that

> the Legislature in using the words "denial of coverage" did not intend to require notice when there never was any insurance in effect, and intended by that phrase to cover only situations in which a policy of insurance that would otherwise cover the particular accident is claimed not to cover it because of an exclusion in the policy.

Id. at 138. Thus, the failure to comply with the notice requirement of § 3420(d)(2) bars an insurance company from denying coverage only if the provision limiting coverage is an "exclusion," but not if it merely describes the scope of what is covered under the policy in the first instance. See NGM Ins. Co. v. Blakely Pumping, Inc., 593 F.3d 150, 153 (2d Cir. 2010) (interpreting Zappone as establishing that § 3420(d)(2) requires notice where coverage is denied "by reason of exclusion" but not where there is no coverage "by reason of lack of inclusion").

Magistrate Judge Azrack concluded that the policy's Limitation to Designated Class Endorsement, which limits the policy's coverage to the two categories listed in the declarations

page, merely describes the scope of the policy's coverage, and did not create an exclusion. According to the R&R, because Max Specialty denied coverage "by reason by lack of inclusion," not based on an exclusion, it was not required to disclaim coverage under § 3420(d)(2). Based on this reasoning, Magistrate Judge Azrack recommends that the Court grant Max Specialty's motion for summary judgment and deny Mand Restoration's cross-motion for summary judgment. She further recommends that Max Specialty should be entitled to recoup the fees it incurred defending WSG in the Stepien action.

## IV. Defendant Mand Restoration's Objections

Mand Restoration objects to the portion of the R&R that recommends that the Court enter a declaratory judgment that Max Specialty need not indemnity or defend the defendants in the Stepien action, and the Court therefore reviews this portion of the R&R de novo. Larocco, 2010 WL 5068006, at *2.

Mand Restoration argues that the Limitation to Designated Class Endorsement creates an exclusion from coverage, thereby requiring Max Specialty to comply with the written notice requirement of § 3420(d)(2). In Mand Restoration's view, the insurance policy provides general liability coverage for all of WSG's business operations, subject to an exclusion that limits coverage to interior carpentry and dry wall or wallboard installation.

Upon review of the policy's language and relevant caselaw, the Court agrees with Magistrate Judge Azrack's conclusion that the insurance policy is written to cover only WSG's commercial activities that constitute interior carpentry and drywall or wallboard installation. The policy's Commercial General Liability Coverage Form plainly limits coverage to "'bodily injury' or 'property damage' to which this insurance applies." (Zimring Decl. Ex. I (emphasis added).) The Limitation to Designated Class Endorsement expressly states that the policy

"applies only to . . . [certain injuries] arising out of only those operations designated, listed and described in the declarations page." (Id.) Finally, the declaration page specifies the two classes of coverage. The Court finds no ambiguity in this language. The policy does not generally cover WSG's business operations; it is written to cover only those business operations in the areas of interior carpentry and drywall and wallboard installation. See NGM Ins. Co., 593 F.3d at 154 (holding that notice of disclaimer was not required where policy "did not generally cover auto accidents" but instead covered only two classes of auto accidents specified in an endorsement). Thus, because Max Specialty denied coverage in this case "by reason of lack of inclusion," rather than "by reason of exclusion," Max Specialty was not obligated to disclaim coverage under § 3420(d)(2).[1] See Zappone, 55 N.Y.2d at 137-39. The Court accordingly adopts Magistrate Judge Azrack's recommendation that Max Specialty is entitled to a declaratory judgment that it is not obligated to defend and/or indemnify the parties in the Stepien action.

## V. Max Specialty's Entitlement to Recoup Fees

In addition to recommending that this Court grant Max Specialty's motion for summary judgment, Magistrate Judge Azrack found that Max Specialty should be entitled to recoup the fees already expended defending WSG in the Stepien action. Mand Restoration does not object to this portion of the R&R. Having found no clear error on the face of the record, the Court hereby adopts this portion of the R&R as the opinion of the Court. See Johnson v. Reno, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("If neither party objects to the report, the Court need only satisfy itself that there is no clear error on the face of the record.").

---

[1] Mand Restoration's reliance on U.S. Underwriters Ins. Co. v. Falcon Construction Corp., 2003 WL 22019429, at *1 (S.D.N.Y. Aug. 27, 2003), U.S. Underwriters Ins. Co. v. Congregation Kollel Tisereth, 2004 WL 2191051 (E.D.N.Y. Sept. 30, 2004), and Atlantic Cas. Ins. Co. v. C.A.L. Constr. Corp., 2008 WL 2946060 (E.D.N.Y. July 30, 2008), are misplaced, as none of these cases addressed whether a particular classification was an "exclusion" or a "lack of inclusion" for purposes of the written notice requirement. Instead, these cases discussed only whether an action fell within the scope of a defined classification or exclusion.

6

## CONCLUSION

For the reasons set forth above, this Court adopts the R&R as the Decision and Order of this Court. Max Specialty's motion for summary judgment is granted in full. Mand Restoration's cross-motion for summary judgment is denied.

The Court hereby declares that plaintiff Max Specialty Insurance Company is not obligated to defend or indemnify any defendant in connection with the lawsuit currently pending in New York State Supreme Court, Kings County, under the caption <u>Andrezej Stepien v. 530 Canal St. Realty Corp. et al.</u>, Index No. 28668/08 (Sup. Ct. King's Cty). The Court further declares that Max Specialty is entitled to recoup all legal fees expended thus far defending WSG as a third-party defendant in the Stepien action. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
       August  /  , 2012

s/CBA

Carol Bagley Amon
Chief Judge, United States District Court