UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MAX SPECIALTY INSURANCE COMPANY,

        Plaintiff,

   - against -

WSG INVESTORS, LLC, MAND RESTORATION
CORP., 530 CANAL STREET REALTY CORP., and
ANDREZEJ STEPIEN,

        Defendants.
------------------------------------------------------------------x
AMON, Chief United States District Judge.

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
09-cv-05237 (CBA) (JMA)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 1 0 2014 ★

**BROOKLYN OFFICE**

      On August 2, 2012, this Court granted plaintiff Max Specialty Insurance Company's

("Max Specialty") motion for summary judgment, awarding it a judgment declaring that its

insurance policy issued to WSG Investors, LLC ("WSG") did not obligate it to indemnify or

defend any party in a state court action brought by Andrezej Stepien, and declaring that it was

entitled to recoup legal fees thus far expended in that state court lawsuit. Specifically, the

Court's August 6, 2012 judgment stated, inter alia, that "Plaintiff Max Specialty Insurance

Company is entitled to recoup all legal fees expanded [sic] thus far defending Defendant WSG

Investors, LLC as a third-party Defendant in the Andrezej Stepien action." (Docket Entry

("D.E.") 61, at 2.)

      Max Specialty thereafter sought to recoup $62,964.74 in legal fees from WSG pursuant

to that judgment. After WSG failed to respond to the recoupment request, Max Specialty

brought an action to enforce the judgment in state court, seeking summary judgment in lieu of a

complaint pursuant to N.Y. C.P.L.R. 3213, which allows such expedited procedures to be used

when an action is "based upon an instrument for the payment of money only or upon any

judgment." N.Y. C.P.L.R. 3213. The state court, however, denied the motion, finding that it

was unclear from the face of the judgment "the person or entity from which plaintiff may recoup the legal fees." (D.E. 62-8 at 3.)

Max Specialty has now returned to this Court, filing a letter on February 21, 2014, asking the Court to "enter an amended judgment and order specifically instructing WSG to reimburse Max Specialty the full amount of all defense costs incurred on WSG's behalf, up to and including August 6, 2012." (D.E. 66 at 2.) WSG filed a letter in response, objecting to Max Specialty's request, and arguing that Max Specialty cannot recoup costs spent defending WSG after February 2010, when default was entered against WSG in this action. (D.E. 67.) WSG argues that the entry of default rendered the issue of coverage undisputed – notwithstanding the fact that Max Specialty did not thereafter seek a default judgment – and that, since New York law only requires insurers to advance defense expenses where coverage is disputed, Max Specialty therefore cannot recoup defense costs paid after the default.

Whatever the merits of WSG's contention, it is well past the time for making such an argument. Max Specialty's motion for summary judgment in this case explicitly sought a declaration that it was entitle to recoup fees expended defending WSG in the state court action. WSG had every opportunity to either respond to that motion, or to object to Magistrate Judge Joan Azrack's subsequent Report & Recommendation, but never filed any response whatsoever. WSG cannot now come back to this Court eighteen months later and raise legal arguments that could have been raised prior to the entry of judgment.

Because this Court previously determined that Max Specialty was "entitled to recoup all legal fees expended thus far defending WSG" (D.E. 60 at 7), and because such recoupment is proper from the party that received the benefit of those legal fees, the Court grants Max Specialty's motion, and directs the Clerk of Court to enter an amended judgment clarifying that judgment was entered against all defendants, including WSG, and that Max Specialty is entitled

2

to recoup from WSG all legal fees expended in defending WSG in the state court action through August 6, 2012, the date of the original judgment.

SO ORDERED.

Dated: Brooklyn, New York
       March  , 2014

s/Carol Bagley Amon

Carol Bagley Amon,
Chief United States District Judge